**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 24, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-40333
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RENE GONZALEZ-DAVILA,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-01-CR-717-1
---------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Rene Gonzalez-Davila appeals his guilty plea conviction and sentence for being found in the United States after deportation/removal in violation of 8 U.S.C. § 1326. Gonzalez-Davila argues that the sentencing provisions in 8 U.S.C. § 1326(b) are unconstitutional on their face and as applied in his case. He contends that the unconstitutional portions of 8 U.S.C. § 1326 should be severed from the statute. He asks us to vacate his conviction and sentence, reform the judgment to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reflect a conviction only under 8 U.S.C. § 1326(a), and remand his case for resentencing under that provision.

Pursuant to an oral plea agreement, Gonzalez-Davila waived the right to appeal his sentence. Gonzalez-Davila contends, for several reasons, that his appeal waiver should not preclude our consideration of the foregoing issue. The Government has not filed a brief in this case and has not requested that the waiver be enforced. Even if Gonzalez-Davila's challenge to the constitutionality of 8 U.S.C. § 1326(b) is not precluded by his waiver of appeal, it is foreclosed. Accordingly, we pretermit consideration of the waiver issue.

In Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. The Court further held that the sentencing provisions do not violate the Due Process Clause. Id. at 239-47. Gonzalez-Davila acknowledges that his argument is foreclosed by Almendarez-Torres, but asserts that the decision has been cast into doubt by Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). He seeks to preserve his argument for further review.

Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted). The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief.  The Government asks that an appellee's brief not be required.  The motion is GRANTED.

AFFIRMED; MOTION GRANTED.